# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN MULLIGAN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 11 C 8200** |
| **v.** | ) | |
| | ) | |
| **VILLAGE OF RIVERSIDE,** | ) | **Judge Ronald A. Guzman** |
| **MATTHEW BUCKLEY,** | ) | |
| **Defendants.** | ) | **Magistrate Judge Geraldine Soat Brown** |

## <u>MEMORANDUM OPINION AND ORDER</u>

Geraldine Soat Brown, United States Magistrate Judge

The court has reviewed *in camera* the transcripts of executive session proceedings of the Trustees of the Village of Riverside, which the Village was directed to provided pursuant to the February 26, 2013 order. [Dkt 58.] The Village's objections are sustained in part and overruled in part as set out below.

### Background

Plaintiff Kevin Mulligan filed this lawsuit against his former employer, the Village of Riverside (the "Village"), alleging that he was subject to discrimination and retaliation based upon being disabled, in violation of the Americans with Disabilities Act and 42 U.S.C. § 1983. (Compl. ¶1.) [Dkt 1.] Mulligan was a firefighter employed by the Village, and at the time of his termination on March 29, 2011, was the fire chief of the Village. (*Id.* ¶¶ 2, 11, 47.)

Mulligan filed a motion to compel the Village to produce tape recordings or transcripts of meetings held by the Village's Trustees in executive session, arguing that the true motivation for his termination would be revealed in the deliberations leading up to his termination. (Pl.'s Mot.) [Dkt 41.] The Village claims that the transcripts are protected in their entirety by the deliberative process privilege and by a privilege derived from the Illinois Open Meetings Act, 5 Ill. Comp. St. § 120/2.06(e), and that certain portions are also protected by the attorney-client privilege. (Def.'s Resp. 3-5.) [Dkt 57.]

The Village provided the transcripts to the court for *in camera* review. The court has reviewed transcripts of the Village's Executive Committee for the following dates: October 14, 2010; January 18, 2011; February 7, 2011; February 21, 2011; March 7, 2011 and March 21, 2011.

## Legal Standard

In this case, all of the claims against the Village arise under federal law, although there is a state law claim against an individual defendant, Matthew Buckley. Accordingly, the federal common law of privileges applies to this decision, which relates to claims under federal law. Fed. R. Evid. 501.

The deliberative process privilege is recognized by federal law, and "protects communications that are part of the decisionmaking process of a governmental agency." *U.S. v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). "Since frank discussion of legal and policy matters is essential to the decisionmaking process of a governmental agency, communications made prior to and as a part of an agency determination are protected from disclosure." *Id.* "The deliberative process privilege may be overcome where there is a sufficient showing of a particularized need to

outweigh the reasons for confidentiality." *Id*. "To fall within the privilege, materials must relate to the formulation or exercise of agency policy-oriented judgment." *Allen v. Chicago Transit Auth.*, 198 F.R.D. 495, 502 (N.D. Ill. 2001). "Consistent with its purpose, the deliberative process privilege typically does not justify the withholding of purely factual material, nor of documents reflecting an agency's final policy decisions, but it does apply to predecisional policy discussions, and to factual matters inextricably intertwined with such discussions." *Enviro Tech Intl., Inc. v. EPA*, 371 F.3d 370, 374-75 (7th Cir. 2004) (internal citations omitted). If the government meets its threshold burden of showing that the privilege applies, the party seeking the information has the "burden of showing that it has a particularized need for the documents." *Ferrell v. U.S. Dep't of Hous. & Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1998).

The court has no difficulty finding that the Village has met its threshold burden of showing that the privilege applies. The transcripts reflect closed executive session discussions about whether Mulligan should be terminated, ultimately leading to the decision to terminate him. Because Mulligan is alleging that the Village wrongfully discriminated against him, however, there is a particularized need for the information because the Village's intent is directly at issue. *See Sronkoski v. Schaumburg School Dist., No. 54*, No. 08 C 721, 2009 WL 1940779 at *3 (N.D. Ill. July 1, 2009).

Under the Illinois Open Meetings Act, subject to certain exceptions not applicable here, "the verbatim record of a meeting closed to the public shall not be open for public inspection or subject to discovery in any administrative or judicial proceeding." 5 Ill. Comp. Stat. § 120/2.06(e). The open meetings privilege is a state law privilege not found in federal common law. *Kodish v. Oakbrook Terrace Fire Protec. Dist.*, 235 F.R.D. 447, 451-52 (N.D. Ill. 2006). When considering whether the federal common law should be expanded to include a state privilege, a "strong policy

3

of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Mem. Hosp. for McHenry Co. v. Shadur,* 664 F.2d 1058, 1061 (7th Cir. 1981). "The court should weigh the need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case." *Id.* at 1061-62 (internal citations and quotations omitted).

The Village argues that the open meeting privilege should apply here, and cites *Tumas v. Bd. of Educ of Lyons Tp. High School Dist. No. 204*, No. 06 C 1943, 2007 WL 2228695 at *8-10 (N.D. Ill. July 31, 2007), in which the court held that a school board's discussion of litigation strategy and the potential settlement of the plaintiff's claim was protected by both the deliberative process privilege and the open meetings privilege. (Def.'s Resp. at 6.) There are substantial differences between the discussions at issue here and those reviewed in *Tumas*. The discussions at issue in *Tumas* involved how the board would respond to claims that had already been filed. "[T]he Board's discussions concerned Plaintiff's legal claims and the Board's litigation strategy regarding those claims, including the possibility of settlement." *Tumas,* 2007 WL 2228695 at *2. The court concluded that the plaintiff had not shown that her need for the materials outweighed the defendants' need for confidentiality. *Id.* at * 7. Here, as in *Kodish,* a municipal employee is alleging that his termination was wrongfully motivated, and seeks the discussion leading up to that decision. *Kodish*, 235 F.R.D. at 449. As in *Kodish*, Mulligan's need to ascertain "the motive and basis" for the Village's decision to terminate him outweighs any policy furthered by the Open Meetings Act. *See id.* at 451-53. In this situation, the deliberative process privilege and the attorney-client privilege

4

provide adequate protection without the extension of the open meetings privilege to federal common law. *See id.* at 452.

The attorney-client privilege is also recognized under the federal common law. *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). The privilege contains eight "essential general principles":

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*U.S. v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (quoting John Henry Wigmore, *Evidence in Trial at Common Law*, vol. 8, § 2292 (John T. McNaughton, rev. 1961)). "The party seeking to invoke the privilege bears the burden of proving all of its essential elements." *Id.* Although the court concludes that the transcripts are not protected in their entirety, the Village has not waived the attorney-client privilege, and portions of the transcript that reflect privileged communications are protected. *See Kodish*, 235 F.R.D. at 452-54.

The transcripts show that three attorneys for the Village are involved in the discussions: Tom Melody, Lance Malina, and Michael Marrs. (Letters from Heather Becker, attorney for Village, dated March 13 and 14, 2013.) [Dkt 73, 80.] The Village recognizes that the mere attendance of an attorney at a meeting does not render everything said or done at that meeting privileged. (*See* Def.'s Resp. at 3-4.) The Village has marked the portions of the transcript as to which it claims privilege. In reviewing them, the court also observes:

> The fact that an attorney sits on certain corporate committees or even on the board of directors and that he occasionally gives legal advice in the course of such meetings will not immunize from discovery those portions of the meetings where the attorney may have spoken without giving legal advice.

Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine*, vol. 1, 346 (5th ed., ABA 2007).

## The Transcripts

The Village shall produce the transcripts to Mulligan's counsel no later than April 3, 2013, but may redact the following portions. Certain portions of those transcripts deal with matters totally unrelated to Mulligan or this lawsuit, and for purposes of this lawsuit those portions are protected by the deliberative process privilege and the open meetings privilege. The court makes no ruling as to any claim of attorney-client privilege asserted with respect to those portions.

October 14, 2010 transcript:

The Village may redact the following portions as protected by attorney-client privilege: Page 7, lines 4-19; page 9, line 19 through page 12, line 22; page 19, line 19 through page 20, line 4; page 21, lines 1-24; page 26, lines 6-21; page 29 line 20 through page 30, line 14; page 33, line 19 through page 34, line 3; page 41, lines 12-16; page 42, lines 12-23; page 46, line 9 through page 47, line 9; page 48, line 5 through page 50, line 13; page 61, line 21 through page 63, line 9; page 64, line 18 through page 65, line 12; page 67, line 18 through page 68, line 11; page 70, lines 5-20; page 77, line 19 through page 79, line 5; page 81, line 11 through page 82, line 3; page 85, line 21 through page 86, line 14; page 86, line 23 through page 94, line 11; page 94, lines 23-24; page 95, lines 4-16.

January 18, 2011 transcript:

The Village may redact the following portions as irrelevant to this lawsuit: pages 3 through

29, line 8.

The Village may redact the following portions as protected by attorney-client privilege: page 32, line 14 through page 34, line 2; page 39, line 21 through page 41, line 6; page 44, line 16 through page 45, line 8; page 46, line 22 through page 47, line 4; page 50, line 23 through page 51, line 4; page 57, line 8 through page 59, line 21.

February 7, 2011 transcript:

The Village may redact the following portions as protected by attorney-client privilege: Page 10, line 23 through page 12, line 14; page 14, line 15 through page 15, line 2; page 18, line 17 through page 21, line 23.

February 21, 2011 transcript:

The Village may redact the following portions as irrelevant to this lawsuit: Page 41, line 14 to end of transcript.

The Village may redact the following portions as protected by attorney-client privilege: Page 11, line 7 through 13, line 14; page 16, line 10 through page 19, line 21; page 20, line 20 through page 25, line 24; page 38, line 20 through page 39 line 7; page 39, line 16 through page 41, line 12.

March 7, 2011 transcript:

The Village may redact the following portions as irrelevant to this lawsuit: Page 39, line 4 to end of transcript.

The Village may redact the following portions as protected by attorney-client privilege: page

19, line 18 through page 21, line 23; page 28, lines 19- 23; page 29, line 3 through page 39, line 1.


<u>March 21, 2011 transcript:</u>

The Village may redact the following portions as irrelevant to this lawsuit: Page 23 line 14 through page 24, line 13; page 39, line 19 through page 43, line 1.

The Village may redact the following portions as protected by attorney-client privilege: Page 4, line 24 through page 6, line 2; page 7, line 2 through page 11, line 24; page 14, lines 8-11; page 14, line 18 through page 17, line 22; page 18, line 16 through page 21, line 23; page 28, line 12 through page 30, line 23; page 31, line 22, through page 32, line 3; page 32, line 21 through page 36, line 6; page 38, lines 4-8; page 38 line 11 through page 39, line 18; page 43, line 2 through page 48, line 2.


**Protective Order**

Although the court concludes that Mulligan may obtain portions of the transcripts because he needs them for this lawsuit, that is the only reason why he is able to obtain them. The important policies behind the open meetings and deliberative process privileges require that the disclosure of the transcripts and their content be used only for that purpose. Accordingly, the following protective order is entered pursuant to Fed. R. Civ. P. 26(c): Plaintiff's counsel of record in this case shall take custody of the transcripts, shall use the transcripts only for purposes of this lawsuit, and may show the transcripts only to the plaintiff himself and to counsel's staff as necessary for this litigation. Plaintiff Kevin Mulligan shall not make or retain any copies of the transcripts, and may not publish, describe or post any portion of the transcripts in any media. If a party seeks to file a portion of the

transcripts as an exhibit to any motion or response to any motion, the party shall file the portion

provisionally under seal and proceed as provided in Local Rule 26.2.


IT IS SO ORDERED.

_____
Geraldine Soat Brown
United States Magistrate Judge


April 1, 2013




.